UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 14 C 2911<br>)<br>) Judge Sara L. Ellis |
| UNIQUE CASEWORK INSTALLATIONS, INC., | )<br>)<br>) |
| Defendant. | ) |

**OPINION AND ORDER**

After prevailing in arbitration against Defendant Unique Casework Installations, Inc. ("Unique"), Plaintiff Chicago Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America (the "Union") filed suit to confirm the arbitration award. Unique responded by filing several affirmative defenses and counterclaims, seeking to vacate the award and also asserting a claim of race discrimination against the Union. The Union has moved to strike the affirmative defenses and dismiss the counterclaims. Because Unique's affirmative defenses and its counterclaim seeking to vacate the arbitration award were filed outside the limitations period for seeking to vacate the award, the affirmative defenses are stricken and Count I of the counterclaim is dismissed. But Unique may proceed on its race discrimination claim because the collective bargaining agreement does not expressly require arbitration of such a claim.

**BACKGROUND**

Unique entered into an agreement in which it agreed to be bound by the provisions of a collective bargaining agreement (the "CBA"). The CBA includes a grievance procedure governing "any dispute concerning the proper interpretation and application" of the CBA. Ex. 2 to Pl.'s Mem. § 18.1. The CBA sets forth the procedures for the selection of a job steward and provides that no party to the agreement will engage in discrimination based on a protected characteristic.

In November 2013, Unique refused to accept the Union's appointed steward to a jobsite at Northwestern University. Pursuant to the CBA's grievance procedure, the Union demanded arbitration of the claim. A hearing was held on January 16, 2014 before arbitrator Edwin Benn. An award was issued on March 4, 2014. The arbitrator found that Unique had violated the CBA by refusing the Union's appointed steward. The arbitrator awarded the Union backpay for the steward, the fringe benefit contributions owed under the CBA for the steward, and attorney's fees and costs. Unique was also ordered to place a Union steward on the jobsite if the job involved was still in progress. But Unique is no longer working on the jobsite and no Union steward was ever placed there.

On April 23, 2014, the Union filed this complaint to enforce the arbitration award. On August 9, 2014, the arbitrator issued a supplementary award setting forth the exact amounts to which the Union is entitled pursuant to the March 4, 2014 award. After receiving several extensions of time to answer the complaint, Unique filed an answer, affirmative defenses, and counterclaim on September 5, 2014. Unique asserts three affirmative defenses: (1) the arbitration award should be vacated because the evidence at the hearing demonstrated the Union did not comply with the CBA's provisions in selecting a steward, (2) the Union's claims are

barred by the doctrine of unjust enrichment because payment of the award would be unjust as the individual the Union appointed as a steward was unqualified, and (3) the Union failed to mitigate its damages. Unique has also asserted two counterclaims, seeking to vacate the arbitration award because it allegedly misreads the CBA (Count I) and complaining that the Union racially discriminated against Unique, an African American owned company, in violation of 42 U.S.C. § 1981 by requiring Unique but not other non-African American Union member companies to appoint a steward at the Northwestern job site (Count II).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the counterclaim, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in Unique's counterclaim and draws all reasonable inferences from those facts in Unique's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the counterclaim must not only provide the Union with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when [Unique] pleads factual content that allows the court to draw the reasonable inference that the [Union] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Union moves to strike Unique's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) allows the Court to strike an affirmative defense when it is insufficient on the face of the pleadings. Fed. R. Civ. P. 12(f); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Although the Seventh Circuit has not yet

3

decided whether *Twombly* and *Iqbal* apply to affirmative defenses, the majority of district courts in the Circuit have found that they do, as affirmative defenses are considered pleadings to which the pleading requirements of the Federal Rules of Civil Procedure apply. *See Heller Fin., Inc.*, 883 F.2d at 1294 ("Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure."); *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, --- F. Supp. 2d ----, 2014 WL 3018002, at *4 (N.D. Ill. July 3, 2014) (collecting cases applying *Twombly-Iqbal* to affirmative defenses). *But see Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2010 WL 4810600, at *1 (N.D. Ill. Nov. 19, 2010) ("[T]his Court respectfully disagrees with the proposition that a defendant must include sufficient factual allegations in affirmative defenses to make them plausible.").

## ANALYSIS[1]

### I. Defenses to Arbitration Award

The Union first asserts that Unique's affirmative defenses and first counterclaim, arguing against the enforceability of the arbitration award, should be stricken or dismissed because they were not filed within ninety days of the issuance of that award. Although the Union cites statutes and cases under the Federal Arbitration Act (the "FAA") for the proposition that a motion to vacate must be filed within three months after the award is filed, the award at issue is a labor arbitration award and both the Union and Unique in their pleadings acknowledge that the action is governed by Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, and not the FAA. But this makes little difference, as the standard of review is essentially

---

[1] Unique argues that the Union's motion to strike and dismiss is untimely because it was filed over twenty-one days after Unique filed its affirmative defenses and counterclaims. *See* Fed. R. Civ. P.12(a)(1)(B), (f). Unique ignores the fact that the Court extended the time for the Union to file its responsive pleading to Unique's affirmative defenses and counterclaims and that the Union filed its motion to strike and dismiss within that time period. *See* Fed. R. Civ. P. 6(b)(1) (the Court may extend the time for a responsive pleading to be filed); Doc. 18 (extending time for Plaintiff to file responsive pleading to September 30, 2014).

4

the same under the LMRA and the FAA, with district courts looking to the FAA as guidance to fill in procedural gaps in LMRA actions involving petitions to confirm or vacate arbitration awards. *Smart v. Int'l Bhd. of Elec. Workers, Local 702*, 315 F.3d 721, 724–25 (7th Cir. 2002); *Int'l Union of Operating Eng'rs, Local No. 841 v. Murphy Co.*, 82 F.3d 185, 188–89 (7th Cir. 1996) (reviewing award under FAA, but finding that same result would obtain under the LMRA); *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993) (standard of review is the same whether the case arises under the LMRA or the FAA).

Under the LMRA, Unique had ninety days to challenge the arbitrator's award. *Sullivan v. Gilchrist*, 87 F.3d 867, 870 (7th Cir. 1996). "When a defendant fails to move to vacate an arbitration award within the allotted limitations period for such a motion, the defendant waives any affirmative defenses to the validity of the arbitration award." *Sullivan v. Gen. Plumbing, Inc.*, No. 06 C 2464, 2007 WL 1030236, at *4 (N.D. Ill. Mar. 31, 2007). The Union contends that because the award was issued on March 4, 2014, and the affirmative defenses and counterclaim were filed on September 5, 2014, Unique has waived its affirmative defenses and cannot seek to invalidate the award by way of its counterclaim. But Unique responds that the March 4, 2014 award was not final and that the time for filing a motion to vacate only began to run on August 9, 2014, when the arbitrator issued a supplementary award setting forth specific dollar amounts that Unique owed the Union in accordance with the March 4, 2014 award.

Although a supplementary award was issued on August 9, 2014, the Court agrees with the Union that Unique is barred from asserting its affirmative defenses and counterclaim seeking to vacate the arbitration award. The March 4, 2014 award was a final award, concluding that Unique was liable to the Union and setting forth the specific remedy to which the Union was entitled. Although the arbitrator did not quantify the amount that Unique owed, he definitively

set forth what Unique was required to pay, with the parties left only to calculate those amounts. In similar situations, the Seventh Circuit has found such an award sufficient to constitute a final and definite award, thus starting the clock running on the statute of limitations. For example, in *Dreis & Krump Manufacturing Co. v. International Association of Machinists & Aerospace Workers, District No. 8*, the Seventh Circuit found that the award was final even though the precise amount of damages had not yet been determined, concluding that the calculation of that amount was just a "ministerial detail, such as would not have prevented the judgment from being deemed final for purposes of appeal." 802 F.2d 247, 251 (7th Cir. 1986). In *Flender Corp. v. Techna-Quip Co.*, the Seventh Circuit concluded that an arbitrator's award was "final and definite" because the arbitrator definitively resolved all the claims before him and left only the "ministerial computation of the amount owed," which could be ascertained from documents that had been produced. 953 F.2d 273, 280 (7th Cir. 1992). Similarly, here, the only thing to be calculated was the amount of backpay, fringe benefits, and attorneys' fees and costs. Unique makes no argument that these were difficult to calculate and it did not submit documentation disputing the Union's requested amounts. Following *Dreis & Krump*, the statute of limitations for purposes of vacating the arbitration award began to run on March 4, 2014, and the supplementary award did not toll the ninety day period. 802 F.2d at 251. Unique's assertion of its defenses to the arbitration award are thus stricken and dismissed as untimely.

## II. Section 1981 Claim

Next, the Union asks the Court to find Unique's race discrimination claim should have been submitted to arbitration and that Unique's failure to do so precludes it from asserting the claim now. Statutory claims, such as a race discrimination claim pursuant to 42 U.S.C. § 1981, may be subject to arbitration pursuant to the terms of a CBA if the CBA clearly and

unmistakably requires arbitration of those claims. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274, 129 S. Ct. 1456, 173 L. Ed. 2d 398 (2009) ("We hold that a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law."); *Westmeier v. Meijer Grocery Store*, No. 4:10-CV-046-TWP-WGH, 2010 WL 5104825, at *2 (S.D. Ind. Dec. 7, 2010) (claims under Title VII and § 1981 were specifically identified as arbitrable under company's dispute resolution policy and thus were subject to arbitration). But where a CBA's dispute resolution clause does not expressly cover statutory claims but instead applies only generally to disputes regarding the interpretation and application of the CBA, the Supreme Court has found that statutory claims are not precluded. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 53–54, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974). In *Gardner-Denver*, the CBA included an anti-discrimination provision and provided for arbitration of "differences aris(ing) between the Company and the Union as to the meaning and application of the provisions of this Agreement." *Id.* at 39–40. This provision gave the arbitrator the "authority to resolve only questions of contractual rights" and thus did not preclude an employee from bringing a Title VII claim in federal court. *Id.* at 53–54; *Pyett*, 556 U.S. at 262 (the CBA in *Gardner-Denver* "did not mandate arbitration of statutory antidiscrimination claims").

Here, the parties' CBA provides that "neither party shall discriminate against any person directly or indirectly, in such matters as race, creed, color, sex, national origin, age or religion." Ex. 2 to Pl.'s Mem. § 1.4. The CBA's dispute resolution procedure covers "any dispute concerning the proper interpretation and application of this Agreement." *Id.* § 18.1. But unlike in *Pyett*, which required that all claims, including those under Title VII and other specific anti-discrimination laws, be arbitrated pursuant to the CBA's grievance procedures, 556 U.S. at 252,

7

there is no specific mention in the parties' CBA that employment discrimination or other statutory claims must be arbitrated. Thus, the Court does not find Unique's race discrimination claim precluded. *See Coleman v. Donahoe*, 667 F.3d 835, 854 (7th Cir. 2012) (refusing to give arbitrator's findings preclusive effect because the CBA did not require submission of Title VII claims to labor arbitration); *Dunnigan v. City of Peoria, Ill.*, No. 09-1064, 2009 WL 2566958, at *3 (C.D. Ill. Aug. 14, 2009) ("If the collective bargaining agreement does not 'clearly and unmistakably' require arbitration of Plaintiff's Title VII claims, then Plaintiff's Title VII claims are not precluded here, absent some sort of agreement by Plaintiff to arbitrate those claims."); *St. Aubin v. Unilever HPC NA*, No. 09 C 1874, 2009 WL 1871679, at *4 (N.D. Ill. June 26, 2009) (finding that requirement that "disputes about the interpretation or application of particular clauses" and "alleged violations of" the CBA, coupled with agreement in CBA that the parties comply with all employment laws, including the FMLA, was not the "clear and unmistakable" requirement to arbitrate employment discrimination claims described in *Pyett*).

Moreover, although the Court does not find Unique's race discrimination claim to be a compulsory counterclaim under Federal Rule of Civil Procedure 13(a), the Court will not dismiss it merely because it is a permissive counterclaim. The Court recognizes that resolution of the counterclaim may be more time- and resource-intensive than resolution of the Union's claim seeking confirmation of the arbitration award. Nonetheless, the Court finds it more appropriate to maintain the race discrimination claim as part of the same action than to require refiling as a separate action so as to avoid further delay and encourage the efficient and coordinated resolution of the remaining issues between the parties.

## CONCLUSION

For the foregoing reasons, the Union's motion to strike and dismiss [19] is granted in part and denied in part. Unique's affirmative defenses are stricken with prejudice. Count I of the counterclaim is dismissed with prejudice. The Union has until January 9, 2015 to answer Count II of the counterclaim.

Dated: December 9, 2014

_____
SARA L. ELLIS
United States District Judge