UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, )))) | |
| Plaintiff, ) | |
| ) | No. 14 C 2911 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| UNIQUE CASEWORK INSTALLATIONS, INC., )) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

After prevailing in arbitration against Defendant Unique Casework Installations, Inc. ("Unique"), Plaintiff Chicago Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America (the "Union") filed suit to enforce the arbitration award. Unique responded by filing affirmative defenses and counterclaims, seeking to vacate the award and also asserting a claim of race discrimination against the Union. The Court struck and dismissed Unique's affirmative defenses and counterclaim seeking to vacate the arbitration award, but allowed Unique's race discrimination counterclaim to proceed. After the Union's motion for judgment on the pleadings to enforce the arbitration award was fully briefed, the arbitrator issued a second supplementary award on March 15, 2015, vacating his previous award in favor of the Union. The Union now seeks to vacate the March 15, 2015 second supplementary award [44]. Because the Court finds that the arbitrator exceeded his authority in issuing the March 15, 2015 second supplementary award, the Court grants the Union's motion to vacate.

**BACKGROUND**

The Union and Unique are bound by the provisions of a collective bargaining agreement (the "CBA"). The CBA provides for a grievance process, whereby disputes not resolved by an informal process are to be submitted to arbitration. The CBA further provides that, "[i]n the event that a party refuses to arbitrate or fails to comply with the decision of the Arbitrator, the other party has the right to avail itself of any lawful means necessary to compel compliance, including but not limited to, judicial intervention." Doc. 47-4, § 18.6. The CBA also sets forth procedures for the selection of a job steward.

In November 2013, Unique refused to accept the Union's appointed steward at a jobsite at Northwestern University. The Union demanded arbitration of the claim. A hearing was held on January 16, 2014 before arbitrator Edwin Benn, who issued an award on March 4, 2014. The arbitrator found that Unique had violated the CBA by refusing the Union's appointed steward. The arbitrator awarded the Union backpay for the steward, the fringe benefit contributions owed under the CBA for the steward, and attorneys' fees and costs. Unique was also ordered to place a Union steward at the Northwestern jobsite if the job was still in progress. But because Unique was no longer working at the Northwestern jobsite, no Union steward was ever placed there. Because the amounts awarded had not been quantified, the arbitrator noted that, "[w]ith consent of the parties, jurisdiction is retained to resolve any disputes over amounts owed by the Employer under this award." Doc. 47-1 at 10 n.22. Accordingly, on August 9, 2014, the arbitrator issued a supplementary award, awarding the Union $41,436.59. That amount represented $19,856.84 in backpay, $12,856.84 in fringe benefits, and $9,031.46 in attorneys' fees and costs.

At the same time as the award was issued, the arbitrator issued an invoice for his services, indicating that the Union and Unique each owed him $1,750. The CBA provides that "[t]he expense of the Arbitrator shall be shared by the parties in equal proportions." Doc. 47-4, § 18.4. The Union paid the arbitrator $1,750 by check dated April 24, 2014. Unique has not paid the arbitrator its portion of the arbitration costs despite the arbitrator's numerous requests. On February 6, 2015, the arbitrator contacted counsel for the Union, requesting that the Union make arrangements to pay Unique's share of the invoice based on the arbitrator's interpretation that the liability for expenses was joint and several. The Union refused, leading the arbitrator to remove himself from the arbitration panel on February 17 and to threaten collection proceedings if the Union failed to pay Unique's portion of the invoice. On March 13, the arbitrator further threatened that if the outstanding balance was not paid by the Union, he would issue a second supplementary opinion and award vacating the two prior awards in the matter. That second supplementary award was issued on March 15. The arbitrator indicated he had "continuing jurisdiction" pursuant to Article XVIII of the CBA, that the Union was subject to joint and several liability for the arbitration expenses, and that a final and binding award was conditional on full payment of the arbitration expenses. Doc. 47-5 at 6–7. Because the arbitrator had not been fully paid, he vacated the previously issued March 4, 2014 award and August 9, 2014 supplementary award.

## ANALYSIS

The Union asks the Court to vacate the arbitrator's March 15, 2015 second supplementary award, which would have the effect of reinstating the March 4, 2014 award and August 9, 2014 supplementary award. The Union again cites to the Federal Arbitration Act (the "FAA") despite the fact that this action is governed by Section 301 of the Labor Management

Relations Act (the "LMRA"), 29 U.S.C. § 185, and not the FAA. But as the Court has already explained, *see* Doc. 28 at 4–5, this makes little difference, for the standard of review is essentially the same under the LMRA and the FAA, with district courts looking to the FAA as guidance to fill in procedural gaps in LMRA actions involving petitions to confirm or vacate arbitration awards. *Smart v. Int'l Bhd. of Elec. Workers, Local 702*, 315 F.3d 721, 724–25 (7th Cir. 2002); *Int'l Union of Operating Eng'rs, Local No. 841 v. Murphy Co.*, 82 F.3d 185, 188–89 (7th Cir. 1996) (reviewing award under FAA, but finding same result would obtain under the LMRA); *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993) (standard of review is the same whether the case arises under the LMRA or the FAA).

The Court's review of a labor arbitration award is limited. *Prate Installations, Inc. v. Chicago Reg'l Council of Carpenters*, 607 F.3d 467, 470 (7th Cir. 2010). The Court is to enforce an award as long as the decision "draws its essence from the collective bargaining agreement." *United Paperworks Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987) (quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960)). The Court's review is "limited to determining whether the arbitrator exceeded the powers delegated to him by the parties, i.e., whether he failed to arbitrate the dispute in accord with the agreement." *Clear Channel Outdoor, Inc. v. Int'l Unions of Painters & Allied Trades, Local 770*, 558 F.3d 670, 675 (7th Cir. 2009) (citation omitted) (internal quotation marks omitted); *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. PPG Indus., Inc.*, 751 F.3d 580, 584 (7th Cir. 2014) ("A court will not overturn an arbitrator's award, even if the arbitrator's decision is wrong on the law or the facts; an arbitrator's award is unenforceable only if he 'strays from interpretation and application of the agreement and

4

effectively dispenses his own brand of industrial justice.'" (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S. Ct. 1724, 149 L. Ed. 2d 740 (2001))). An award "procured by the parties through fraud or through the arbitrator's dishonesty need not be enforced." *Misco, Inc.*, 484 U.S. at 38; *see also* 9 U.S.C. § 10 (under the FAA, court may vacate arbitration award where, among other things, the award was procured by fraud; the arbitrator was partial, corrupt, or guilty of misconduct that prejudiced the party; or the arbitrator exceeded his powers).

The Union argues that the arbitrator exceeded his authority in issuing the March 15, 2015 second supplementary award because his jurisdiction over the case ended when the supplementary award was issued, meaning that the March 15, 2015 second supplementary award has no effect. The Court has already determined that the March 4, 2014 award was a final award. *See* Doc. 28 at 5–6. In his March 4, 2014 award, the arbitrator indicated that he was retaining jurisdiction "to resolve any disputes over amounts owed by [Unique] under this award." Doc. 47-1 at 10 n.22. Any disputes over those amounts appear to have been resolved with the entry of the August 9, 2014 supplementary award setting forth the amounts owed by Unique. The arbitrator did not retain the authority to modify or vacate the awards on any other basis, including for the non-payment of his invoice by one of the parties. *See CUNA Mut. Ins. Soc'y v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 564–65 (7th Cir. 2006) ("[A]fter a final decision by an arbitrator, the arbitrator becomes *functus officio* and lacks the power to reconsider or amend the decision." (quoting *Anderson v. Norfolk & W. Ry. Co.*, 773 F.2d 880, 883 (7th Cir. 1985))); *Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 250 (7th Cir. 1986) (rejecting "the idea that an arbitrator might have an inherent power to modify his award" unless the arbitrator specifically retains

jurisdiction over the remedy portion of his award).[1]  Because the reservation of jurisdiction contained in the March 4, 2014 award did not extend to disputes over payment of the arbitrator's expenses,[2] the March 15, 2015 award must be vacated.[3]  This results in the reinstatement of the March 4, 2014 and August 9, 2014 awards.  Although the Court agrees that the arbitrator is entitled to payment of his expenses under the CBA, he should have pursued a different course of action to obtain that payment or make a statement about the importance of paying arbitrators, as vacating a long-final award exceeded his authority.[4]

---

[1] The Seventh Circuit has questioned the validity of the *functus officio* doctrine, noting that there are "loophole[s] . . . for clarification or completion, as distinct from alteration, of the arbitral award." *Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, AFL-CIO, CLC, Local 182B v. Excelsior Foundry Co.*, 56 F.3d 844, 847 (7th Cir. 1995).  But the doctrine is still viable and relevant, particularly here where the arbitrator was not called on to clarify or complete his decision but rather *sua sponte* vacated it based on the losing party's refusal to pay its share of the arbitration expenses.

[2] The Court has found cases discussing arbitrations that were terminated prior to the issuance of an award as a result of a party's failure to pay arbitration fees.  *See, e.g.*, *Day v. Clymo*, No. 6:13-cv-871-Orl-40KRS, 2015 WL 3830346, at *2 (M.D. Fla. June 18, 2015) (finding that defendant waived right to arbitration by failing to pay arbitration fee); *Union Cent. Life Ins. Co. v. Andraos*, No. 1:09-cv-00758, 2011 WL 4102335, at *6 (S.D. Ohio Aug. 5, 2011) (noting that arbitration was terminated because of parties' failure to deposit the required arbitration fees before a final decision was rendered by the arbitrators on the merits of the parties' claims).  But here, the arbitrator did not seek to collect his fee until after the decision was rendered, making those cases inapposite.  The result may have been different had this issue arisen prior to the arbitrator's rendering of his final award, but because it arose after the arbitrator lost the authority to amend his award, the Court must vacate the award, leaving the arbitrator to pursue payment of his fees through other channels.  *See Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1295–98 (10th Cir. 2015) (reviewing cases involving non-payment of arbitration fees before decision had been rendered).

[3] The Court also notes that at the time the arbitrator issued the March 15, 2015 second supplementary award, he had resigned from the panel of arbitrators authorized to hear disputes under the CBA.  This also suggests that he exceeded his authority when he rendered the March 15, 2015 award.

[4] Because the Court finds that the arbitrator exceeded his authority, it need not address the Union's arguments that the arbitrator was biased and engaged in misconduct or that the March 15, 2015 second supplementary award should be vacated to prevent Unique from benefitting from its failure to pay the arbitrator.

## CONCLUSION

For the foregoing reasons, the Union's motion to vacate the March 15, 2015 second supplementary award and order [44] is granted.

Dated: October 5, 2015

_____
SARA L. ELLIS
United States District Judge